IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1070

**Stanton Meats, Krestina Coombs, David Davis, Brian Donovan, Chris Gallegos, Destiny Glantz, Cameron Harris, Julie Anne Neil, Andrez Rios, Jared Whitaker and William Wulf,**
      Plaintiffs,

v.

**Ridley's Family Markets, Inc.,**
      Defendant.

---

## ORIGINAL COMPLAINT
---

Plaintiffs Stanton Meats, Krestina Coombs, David Davis, Brian Donovan, Chris Gallegos, Destiny Glantz, Cameron Harris, Julie Anne Neil, Andrez Rios, Jared Whitaker and William Wulf, by and through undersigned counsel, for their Original Complaint ("Complaint") state and allege as follows:

### I.    INTRODUCTION

1. Plaintiffs bring this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*. ("CWA"), and Colorado Minimum Wage

Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3. This case is related to *Jonathan Esparsen v. Ridley's Family Markets, Inc.,* case no. 1:18-cv-1556-RM-GPG. See Section VII, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and many of the actions and omissions complained of herein took place in this District. Venue is therefore proper pursuant to 28 U.S.C. § 1391.

## III.   PARTIES

6. Plaintiff Stanton Meats ("Meats") is an individual and resident of Sublette County, Wyoming.

7. Plaintiff Krestina Coombs ("Coombs") is an individual and resident of Cache County, Utah.

8. Plaintiff David Davis ("Davis") is an individual and resident of Arapaho County, Colorado.

9. Plaintiff Brian Donovan ("Donovan") is an individual and resident of Weld County, Colorado.

10. Plaintiff Chris Gallegos ("Gallegos") is an individual and resident of Weber County, Utah.

11. Plaintiff Destiny Glantz ("Glantz") is an individual and resident of Sheridan County, Wyoming.

12. Plaintiff Cameron Harris ("Harris") is an individual and resident of Utah County, Utah.

13. Plaintiff Julie Anne Neil ("Neil") is an individual and resident of Utah County, Utah.

14. Plaintiff Andrez Rios ("Rios") is an individual and resident of Larimer County, Colorado.

15. Plaintiff Jared Whitaker ("Whitaker") is an individual and resident of Utah County, Utah.

16. Plaintiff William Wulf ("Wulf") is an individual and resident of Salt Lake County, Utah.

17. Defendant is a Wyoming, for-profit corporation.

18. Defendant's registered agent for service of process is Registered Agents, Inc., at 1942 Broadway Street, Suite 314C, Boulder, Colorado 80302.

19. Defendant operates multiple retail grocery stores in states including Colorado.

20. Defendant maintains a website at https://shopridleys.com/choose.php.

### IV.    FACTUAL ALLEGATIONS

21. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

24. Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA.

25. Plaintiffs were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

26. Meats was employed by Defendant from approximately October of 2013 to May of 2019.

27. Coombs was employed by Defendant from approximately July of 2008 to July of 2019.

28. Davis was employed by Defendant from approximately February of 2012 to January of 2016.

29. Donovan was employed by Defendant from approximately March of 2018 to April of 2018.

30. Gallegos was employed by Defendant from approximately September of 2015 to May of 2017.

31. Harris was employed by Defendant from approximately January of 2014 to November of 2018.

32. Neil was employed by Defendant from approximately March of 2015 to June of 2016.

33. Rios was employed by Defendant from approximately June of 2019 until November of 2019.

34. Whitaker was employed by Defendant from approximately September of

2016 to October of 2018.

35. Wulf was employed by Defendant from approximately September 2016.

36. Defendant employed Plaintiffs to work as Assistant Managers.

37. Defendant classified Plaintiffs as exempt from the overtime requirements of the FLSA and paid them a salary.

38. As Assistant Managers, Plaintiffs were responsible for reviewing inventory, assisting customers, stocking shelves, operating the cash register and communicating with other employees.

39. Defendant's managers routinely held conference calls to discuss issues relating to management of its stores. Plaintiffs were not invited to participate in such calls.

40. Plaintiffs did not customarily and regularly direct the work of at least two or more full-time employees.

41. Plaintiffs did not have authority to hire or fire other employees.

42. Plaintiffs did not make recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees that were given particular weight by Defendant.

43. Plaintiffs did not have authority to interview employees.

44. Plaintiffs did not have the authority to set or adjust employees' rates of pay.

45. Plaintiffs did not have the authority to set or adjust employees' hours of work.

46. Plaintiffs did not have the authority to direct employees' work.

47. As Assistant Managers, Plaintiffs were regularly required to work over 40 hours in a week.

48. Defendant did not pay Plaintiffs 1.5x their regularly hourly rate for hours

worked over 40 each week.

49. For example, for the pay period ending February 12, 2019, Coombs worked 98 hours, for which Defendant paid Coombs a fixed weekly amount without any overtime pay of 1.5 the regular rate of pay for hours worked in excess of 40.

50. At all relevant times alleged herein, Defendant has, directly or indirectly, hired Plaintiffs; has controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

51. At all relevant times alleged herein, Defendant has maintained control, oversight, and direction over Plaintiffs, including the promulgation and enforcement of policies affecting the payment of their wages including overtime compensation.

52. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Laborand/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

53. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiffs proper overtime compensation.

### V.    FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

54. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56. Defendant misclassified Plaintiffs as exempt from the requirements of the FLSA.

57. Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of forty hours per week.

58. Defendant knew or should have known that its actions violated the FLSA.

59. Defendant's conduct and practices, as described above, were willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

61. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CAUSE OF ACTION—VIOLATION OF THE CWA AND CMWO

63. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as

though fully incorporated in this section.

64. Plaintiffs regularly worked more than forty hours per week.

65. Defendant failed to properly pay Plaintiffs overtime wages at a rate of not less than 1.5 times their regular rate of pay for all hours worked over 40 each week.

66. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

67. Because Defendant willfully violated the CWA and CMWO, a three year statute of limitations shall apply to such violations.

68. As a result of Defendant's policies and practices described above, Plaintiffs were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII.   EQUITABLE TOLLING

69. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

70. Plaintiffs are former opt-in Plaintiffs who filed consents to join in the case *Esparsen v. Ridley's Family Markets, Inc.*, No. 1:18-cv-1556-RM-GPG (D. Colo.) (hereinafter "*Esparsen*"), pursuant to the FLSA's collective action procedure, 29 U.S.C. § 216(b).

71. On April 12, 2022, the *Esparsen* Court entered an order decertifying the case as a collective action and dismissing the opt-in plaintiffs without prejudice. Among those dismissed opt-in plaintiffs in *Esparsen* are Plaintiffs in this case.

72. The filing of Plaintiffs' consents to join in *Esparsen* tolled Plaintiffs' FLSA

claims herein during the pendency of the *Esparsen* case.

73. The dates of filing consents to join in the *Esparsen* case for each Plaintiff is as follows:

   a. Stanton Meats: April 21, 2020

   b. Krestina Coombs: April 3, 2020;

   c. David Davis: April 14, 2020;

   d. Brian Donovan: April 24, 2020;

   e. Chris Gallegos: April 6, 2020;

   f. Destiny Glantz: April 1, 2020;

   g. Cameron Harris: April 15, 2020;

   h. Julie Anne Neil: April 14, 2020;

   i. Andrez Rios: April 6, 2020;

   j. Jared Whitaker: April 23, 2020;

   k. William Wulf: April 13, 2020.

74. Plaintiffs further request tolling as of the date that the original Complaint in *Esparsen* was filed, June 21, 2018, or alternatively as of the date of the filing of the request for conditional certification in *Esparsen*, August 16, 2019.

75. Plaintiffs also request the same tolling for their state-law claims, which arise from the same facts as the FLSA claims.

76. Tolling is appropriate here because Defendant was on notice of Plaintiffs' claims and Plaintiffs made efforts to diligently pursue their claims against Defendant.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief against Defendant:

A. That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

E. A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiffs are lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendant to pay Plaintiffs pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **STANTON MEATS, KRESTINA COOMBS, DAVID DAVIS, BRIAN DONOVAN, CHRIS GALLEGOS, DESTINY GLANTZ, CAMERON HARRIS, JULIE ANNE NEIL, ANDREZ RIOS, JARED WHITAKER and WILLIAM WULF, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        */s/ Josh Sanford*
        Josh Sanford
        Col. Bar No. 44358
        josh@sanfordlawfirm.com