# Exhibit 14

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No.** 1:22-cv-1070-PAB-KLM

STANTON MEATS, JASON CARILLO,
KRESTINA COOMBS, DAVID DAVIS,
BRIAN DONOVAN, CHRIST GALLEGOS,
DESTINY GLANTZ, CAMERON HARRIS,
JULIE ANNE NIEL, ANDREZ RIOS,
JAREDWHITAKER, AND WILLIAM WULF,

    Plaintiffs,

v.

RIDLEY'S FAMILY MARKETS, INC.,

    Defendants

---

### DEFENDANT RIDLEY'S FAMILY MARKETS, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT RIDLEY'S FAMILY MARKETS, INC.

---

Defendant Ridley's Family Markets, Inc. ("**Ridley's**"), by and through counsel, hereby submits its Responses and Objections to Plaintiffs' First Set of Interrogatories and Requests for Production to Defendant Ridley's Family Market, Inc. ("**Response**") pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Court's scheduling order.

### PRELIMINARY STATEMENT

Ridley's makes the following disclosures subject to and without waiving its right to protect from disclosure: (a) any and all communications protected from disclosure by the attorney-client privilege; (b) any and all work product materials, opinions, or legal theories of Ridley's, its attorneys, or other representatives concerning this litigation; and (c) any and all confidential information under any protective order entered to protect the confidentiality of such information.

\4876-2287-3425

claims and defenses, and disclaims any obligation to supplement this response other than through normal pre-trial disclosures.

INTERROGATORY NO. 15. Please identify and list all evidence Defendant intends to use at any hearing, deposition, or trial of this case.

**OBJECTION & RESPONSE**: Ridley's objects to interrogatory number fifteen to the extent it requests privileged information, or information that Ridley's is not yet obligated to provide under the rules and orders governing this case. Without waiving its objections, Ridley's has not determined what evidence it intends to use at any hearing, deposition, or trial of this case or on what documents it may rely, and disclaims any obligation to supplement this response other than through normal pre-trial disclosures.

INTERROGATORY NO. 16. Please identify Defendant's process of deciding not to pay Plaintiffs overtime for all hours worked in excess of forty (40) per week at the rate of time and one half of their regular rate of pay. Please identify each factor Defendant considered when making such decision and the name and job title of every person who participated in making the decision.

**OBJECTION & RESPONSE:** Ridley's objects to interrogatory number sixteen to the extent that it exceeds the maximum number of allowable interrogatories under Rule 33 including subparts and the orders governing discovery in this case. Ridley's objects to interrogatory number sixteen on the grounds that it seeks information that is privileged and protected. Subject to the above objections and to the extent Ridley's must respond, Ridley's responds that the decision to not pay Plaintiffs overtime wages, to the extent they were not paid overtime wages, was based on Plaintiffs' exempt status under the FLSA as determined based on their respective duties, industry practice and/or discussions with counsel.

\4876-2287-3425

DATED March 6 , 2023.

        AS TO RESPONSES TO REQUESTS FOR PRODUCTION, AND OBJECTIONS TO INTERROAGORIES
SNELL & WILMER L.L.P.

*[signature]*

David P. Williams
Mark O. Morris
***Attorneys for Defendant***
***Ridley's Family Markets, Inc.***


AS TO RESPONSES TO INTERROGATORIES

Ridley's Family Markets, Inc.

By *[signature]*

Its_____

\4876-2287-3425