IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1070

**Stanton Meats, Krestina Coombs,
David Davis, Brian Donovan, Chris
Gallegos, Destiny Glantz, Cameron
Harris, Julie Anne Neil, Andrez Rios,
Jared Whitaker and William Wulf,**
          Plaintiffs,

v.

**Ridley's Family Markets, Inc.,**
          Defendant.

---

### PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
---

Plaintiffs Stanton Meats ("Meats"), Krestina Coombs ("Coombs"), David Davis ("Davis"), Brian Donovan ("Donovan"), Chris Gallegos ("Gallegos"), Destiny Glantz ("Glantz"), Cameron Harris ("Harris"), Julie Anne Neil ("Neil"), Andrez Rios ("Rios"), Jared Whitaker ("Whitaker") and William Wulf ("Wulf"), by and through undersigned counsel, respectfully submit their Response to Defendant's Motion for Summary Judgment.

### TABLE OF CONTENTS

I.      INTRODUCTION................................................................................................ 4
II.     RESPONSE TO DEFENDANT'S STATEMENT OF FACTS .............................. 5
III.    LEGAL STANDARD ......................................................................................... 23
IV.    ARGUMENT..................................................................................................... 24
      A. The FLSA Statute of Limitations and the Claims of Davis, Gallegos, Neil,
         Wulf, and Donovan ................................................................................... 24
         1. The Claims of Davis, Gallegos, Neil, and Wulf................................. 24
         2. As to Donovan's Claims, Defendant's Willfulness Should Be
            Decided *After* the Court Rules on the Merits of Plaintiffs' Claims .... 25

**Page 1 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

B. Defendant Has Not Produced Evidence Sufficient to Meet the Administrative or Executive Exemption, and Plaintiffs Have Raised Genuine Issues of Material Fact on the Exemptions .................................................................. 27

    1. Administrative Exemption ................................................................ 28

        a. Plaintiffs' primary duty was manual labor, not administrative work ..................................................... 29

        b. Plaintiffs did not exercise discretion and independent judgment............................................... 32

    2. Executive Exemption....................................................................... 34

        a. Plaintiffs' primary duty was not management of enterprise or department........................................... 36

        b. Plaintiffs did not hire or fire personnel, nor were their recommendations given any particular weight ........................ 38

V.    CONCLUSION ................................................................................................ 41

## TABLE OF AUTHORITIES

Cases

*Aaron v. City of Wichita*,
    54 F.3d 652 (10th Cir. 1995) .............................................................. 35

*Alvarez v. IBP, Inc.*,
    339 F.3d 894 (9th Cir. 2003) .............................................................. 26

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)........................................................................... 23

*Archuleta v. Wal-Mart Stores, Inc.*,
    543 F.3d 1226 (10th Cir. 2008) ......................................................... 27

*Baldwin v. Key Equip. Fin., Inc.*,
    2006 U.S. Dist. LEXIS 51609, (D. Colo. July 17, 2006)...................................... 28

*Brillas v. Bennett Auto Supply, Inc.*,
    675 F. Supp. 2d 1164 (S.D. Fla. 2009) .............................................. 31

*Burlington Industries, Inc. v. Ellerth*,
    524 U.S. 742 (1998) .................................................................... 38, 39

*Butler v. Cardiff Healthcare, Inc.*,
    No. 2:17-cv-01114-JNP, 2019 U.S. Dist. LEXIS 134585,
    (D. Utah Aug. 8, 2019) ...................................................................... 35

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ........................... 23

*Chessin v. Keystone Resort Mgmt., Inc.*,
    184 F.3d1188 (10th Cir. 1999).......................................................... 27

*Clougher v. Home Depot*,
    696 F.Supp.2d 285 (E.D.N.Y 2010) .................................................. 31

*Coldwell v. RiteCorp Envtl. Prop. Sols.*,
    Civil Action No. 16-cv-01998-NYW, 2017 U.S. Dist.
    LEXIS 68252, at *4 (D. Colo. May 4, 2017) ...................................... 24

*Corning Glass Works v. Brennan*,

**Page 2 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

417 U.S. 188 (1974) ............................................................................. 35
*Costello v. Home Depot USA, Inc.*,
   928 F. Supp. 2d 473 (D. Conn. 2013) ......................................... 31, 38
*Delaney v. Bd. of Cty. Comm'rs*,
   No. 2:16-CV-00047, 2017 U.S. Dist. LEXIS 211307, (D. Wyo. Aug. 3, 2017) .... 38
*Ellis v. J.R.'s Country Stores, Inc.*,
   779 F.3d 1184 (10th Cir. 2015) ................................................. 35
*Epps v. Scaffolding Sols., LLC*, Civ. No. 2:17-cv-562,
   2019 U.S. Dist. LEXIS 96401, at *34 (E.D. Va. Apr. 2, 2019) ........................... 25
*Green v. Harbor Freight Tools USA, Inc.*,
   888 F. Supp. 2d 1088 (D. Kan. 2012) ............................................. 39
*Johnson v. Derhaag Motor Sports, Inc.*,
   No. 13-cv-2311 (SRN/FLN), 2014 U.S. Dist. LEXIS 158845,
   (D. Minn. Nov. 10, 2014) ) ...................................................... 39
*Madden v. Lumber One Home Ctr., Inc.*,
   745 F.3d 899 (8th Cir. 2014) .................................................... 39
*Matson v. Burlington N. Santa Fe R.R.*,
   240 F.3d 1233 (10th Cir. 2001) .................................................. 23
*McLaughlin v. Richland Shoe Co.*,
   486 U.S. 128 (1988) ........................................................... 26
*Mesa Oil, Inc. v. Ins. Co. of N. Am.*,
   123 F.3d 1333 (10th Cir.1997) .................................................. 23
*Morgan v. Family Dollar Stores, Inc.*,
   551 F.3d 1233 (11th Cir. 2008) ................................................. 30
*Mullins v. New York*,
   653 F.3d 104 (2d Cir. 2011) .................................................... 37
*Mumby v. Pure Energy Servs.*,
   636 F.3d 1266 (10th Cir. 2011) ................................................. 26
*Reeves v. Sanderson Plumbing Prods., Inc.*,
   530 U.S. 133 (2000) ........................................................... 24
*Reich v. Wyoming*,
   993 F.2d 739 (10th Cir. 1993) .................................................. 35
*Reyes v. Tex. EZPawn, L.P.*,
   459 F. Supp. 2d 546 (S.D. Tex. 2006) .......................................... 28
*Schaefer v. Indiana Michigan Power Co.*,
   358 F.3d 394 (6th Cir. 2004) ................................................... 33
*Smith v. Frac Tech Servs., LLC*,
   No. 4:09-cv-679-JLH, 2011 U.S. Dist. LEXIS 3165,
   (E.D. Ark. Jan. 11, 2011) ...................................................... 28
*Spaulding v. United Transp. Union*,
   279 F.3d 901 (10th Cir. 2002) .................................................. 23
*Stricker v. E. Off Rd. Equip., Inc.*,
   935 F.Supp. 650, 656 (D. Md. 1996) ............................................ 31
*York v. BNSF Ry. Co.*,

**Page 3 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

Civil Action No. 1:17-cv-1088-RM-STV,
2019 U.S. Dist. LEXIS 27644, (D. Colo. Feb. 21, 2019) ..................................... 23

Statutes
29 U.S.C. § 255 ............................................................................................... 25
29 U.S.C. § 256 ............................................................................................... 24
29 U.S.C. § 207(a)(1) ....................................................................................... 27
29 U.S.C. § 213(a)(1) ....................................................................................... 27

Regulations
5 C.F.R. § 551.104 ............................................................................................ 26
29 C.F.R. § 541.100 .......................................................................................... 35
29 C.F.R. § 541.102 .......................................................................................... 36
29 C.F.R. § 541.105 ..................................................................................... 38, 39
29 C.F.R. § 541.200 ..................................................................................... 28, 36
29 C.F.R. § 541.202(a) ..................................................................................... 32
29 C.F.R. § 541.202(b) ..................................................................................... 33
29 C.F.R. § 541.202(f) ...................................................................................... 34
29 C.F.R. § 541.700(a) ................................................................................ 28, 36
29 C.F.R. § 541.700(b) ................................................................................ 28, 37

## I.   INTRODUCTION

Defendant's Motion for Summary Judgment ("Motion") (ECF No. 36) must be denied for several reasons. First, Defendant's argument that Plaintiff Donovan's claims fail due to a lack of evidence of willfulness is not supported by the law. The Courts have noted in other cases that the issue of willfulness is bound up with the merits. Defendant asserts that it has not violated the Fair Labor Standards Act ("FLSA"). Nevertheless, Defendant has asked this Court to go ahead and say that any as-yet hypothetical FLSA violations were not willful. This request is premature, and the Motion should be denied for this reason. Second, Defendant's summary judgment request must be denied because Plaintiffs have identified facts from which a reasonable jury could find that Plaintiffs' job duties did not qualify them for the executive or administrative exemptions to the FLSA. The issues of fact remaining on the prongs of the executive and administrative

Page 4 of 42
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

exemptions preclude summary judgment. Because Plaintiffs have raised a genuine question of fact, Defendant's Motion must be denied.

## II.    RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

1.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 1, Plaintiffs state as follows: Undisputed.

2.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 2, Plaintiffs state as follows: Disputed. Assistant Store Managers ("ASM") at Ridley's stores do not manage all aspects of the store. They do not do scheduling, hiring, firing, setting pays, or discipline or evaluate other employees. Their primary duties, and the majority of their work is manual labor, such as stocking shelves, setting displays, helping as the cashiers, unloading freight, helping customers, ordering the groceries, or cleaning the store. (*See* Declaration of Stanton Meats ("Meats Decl.") at ¶ 7-32; Declaration of Brian Donovan ("Donovan Decl.") at ¶ 7-31; Declaration of Cameron Harris ("Harris Decl.") at ¶ 7-32; Declaration of Andrez Rios ("Rios Decl.") at ¶ 7-32; and Declaration of Jared Whitaker ("Whitaker Decl.") at ¶ 7-32 (collectively "All Decl.").

3.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 3, Plaintiffs state as follows: Disputed. ASM at Ridley's stores do not manage all aspects of the store. They do not do scheduling, hiring, firing, setting pays, or discipline or evaluate other employees. Their primary duties, and the majority of their work is manual labor, such as stocking shelves, setting displays, helping as the cashiers, unloading freight, helping customers, ordering the groceries, or cleaning the store. *See* All Decl. at ¶ 7-32.

4.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 4,

**Page 5 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

Plaintiffs state as follows: Disputed. ASM do not do scheduling, hiring, firing, setting pays, or discipline or evaluate other employees. Their primary duties, and the majority of their work is manual labor, such as stocking shelves, setting displays, helping as the cashiers, unloading freight, helping customers, ordering the groceries, or cleaning the store. *Id.*

5.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 5, Plaintiffs state as follows: Disputed. ASM had only limited personal management responsibilities. *Id.* at ¶ 8.

6.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 6, Plaintiffs state as follows: Disputed. ASMs' primary duty is manual labor, such as stocking shelves, setting displays, helping as the cashiers, unloading freight, helping customers, ordering the groceries, or cleaning the store. *Id.* at ¶ 7.

7.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 7, Plaintiffs state as follows: Undisputed.

8.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 8, Plaintiffs state as follows: Objection. Plaintiff cannot state whether or not Defendant's decision to pay ASMs on a salary basis was challenged in other cases other than the instant lawsuit, and the related *Esparsen* case.

9.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 9, Plaintiffs state as follows: Undisputed.

10.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 10, Plaintiffs state as follows: Undisputed.

11.      In response to Defendant's Statement of Undisputed Material Facts, ¶ 11,

Page 6 of 42
Stanton Meats, et al. v. Ridley's Family Markets, Inc.
U.S.D.C. (Col.) No. 1:22-cv-1070
Plaintiffs' Response to Motion for Summary Judgment

Plaintiffs state as follows: Undisputed.

12.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 12, Plaintiffs state as follows: Undisputed.

13.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 13, Plaintiffs state as follows: Plaintiffs object to this Statement because it contains irrelevant factual assertions. Because Plaintiffs concede the dismissal of Plaintiff Wulf's claim, based on the statute of limitations, factual assertions regarding Plaintiff Wulf are irrelevant.

14.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 14, Plaintiffs state as follows: Undisputed.

15.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 15, Plaintiffs state as follows: Undisputed.

16.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 16, Plaintiffs state as follows: Disputed. Meats was the senior manager on-site during these hours, however, he had to wait for the Store Director with major decisions. Meats Decl. at ¶ 25).

17.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 17, Plaintiffs state as follows: Disputed. Meats did not have the final say on anything. (Deposition of Stanton Meats ("Meats Dep.") at 28:11-18).

18.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 18, Plaintiffs state as follows: Disputed. Meats directed complaints to the Store Director. Meats did not have the final say on anything (*Id.* at 28:11-18; 40:25; 41:1-6).

**Page 7 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

19.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 19, Plaintiffs state as follows: Disputed. Meats had to make sure the schedules were approved by the Store Director. Meats mostly just entered the schedule prepared by the Store Director into the system. Meats did not evaluate or discipline other employees. (*Id.* at 39:17-40:12; 43:16-44:7; 44:13-16).

20.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 20, Plaintiffs state as follows: Disputed. Meats was present at these meetings to be a witness only. (*Id.* at 44:2-7; 48:4-7).

21.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 21, Plaintiffs state as follows: Disputed. Meats was only involved when asked, which was not frequent and did not make any hiring decisions. (*Id.* at 46:19-47:11.); Meats Decl. at ¶ 12-32.

22.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 22, Plaintiffs state as follows: Disputed. Meats was only involved in the process, not supervising it. The corporate or the Store Director made those decisions. (Meats Dep. at 50:12-19).

23.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 23, Plaintiffs state as follows: Undisputed.

24.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 24, Plaintiffs state as follows: Undisputed.

25.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 25, Plaintiffs state as follows: Undisputed.

**Page 8 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

26.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 26, Plaintiffs state as follows: Disputed. Meats was performing these duties when the Store Director was not available. (*See e.g. id.* at 27:12-15).

27.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 27, Plaintiffs state as follows: Disputed. Meats was simply present at the meetings. The meetings were conducted by the Store Director and Meats did not provide any input. (*See e.g. id.* at 59:19-60:21).

28.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 28, Plaintiffs state as follows: Undisputed.

29.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 29, Plaintiffs state as follows: Undisputed.

30.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 30, Plaintiffs state as follows: Disputed. As ASM, Coombs primary duty was manual labor, Coombs did not train other employees, did not evaluate, discipline, hire or fire other employees. Deposition of Krestina Coombs ("Coombs Dep.") at 32:6-33:10; 49:14-50:17; 53:12-16).

31.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 31, Plaintiffs state as follows: Disputed. As ASM, Coombs did not train other employees, did not evaluate, discipline, hire or fire other employees. (Coombs Dep. at; 32:6-33:10; 46:1-9; 48:18-49:3; 49:14-50:17; 53:12-16).

32.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 32, Plaintiffs state as follows: Undisputed.

**Page 9 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

33.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 33, Plaintiffs state as follows: Undisputed.

34.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 34, Plaintiffs state as follows: Disputed. Coombs was not involved in strategic planning (*Id.* at 61:7-9).

35.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 35, Plaintiffs state as follows: Undisputed.

36.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 36, Plaintiffs state as follows: Disputed. Coombs was a Store Director for approximately three months and did not know what all the responsibilities of Store Director were. (*Id.* at 65:13-67:13).

37.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 37, Plaintiffs state as follows: Undisputed.

38.     In response to Defendant's Statement of Undisputed Material Facts, ¶¶ 38-48, Plaintiffs state as follows: Plaintiffs object to this Statement because it contains irrelevant factual assertions. Because Plaintiffs concede the dismissal of Plaintiff Davis' claim, based on the statute of limitations, factual assertions regarding Plaintiff Davis' job duties are irrelevant.

39.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 39, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

40.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 40, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

**Page 10 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

41.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 41, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

42.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 42, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

43.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 43, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

44.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 44, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

45.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 45, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

46.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 46, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

47.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 47, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

48.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 48, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 38.

49.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 49, Plaintiffs state as follows: Undisputed.

50.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 50, Plaintiffs state as follows: Disputed. Donovan's primary duties were stocking shelves, working as a cashier, and working on displays. (Deposition of Brian Donovan ("Donovan Dep.") at 21:22-22:13; 24:20-25:2; Donovan Decl. at ¶ 7-31).

**Page 11 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

51.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 51, Plaintiffs state as follows: Disputed. Donovan's primary duties were stocking shelves, working as a cashier, and working on displays. (Donovan Dep. at 21:22-22:13; 24:20-25:2).

52.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 52, Plaintiffs state as follows: Disputed. Donovan was the senior manager at the time the Store Director was absent. However, major decisions had to wait for the Store Director. Donovan's primary duties were stocking shelves, working as a cashier, and working on displays. (*Id.* at 21:22-22:13; 24:20-25:2; Donovan Decl. at ¶ 7-31.

53.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 53, Plaintiffs state as follows: Disputed. Donovan would only do so in the absence of Store Director, and it was mostly employees simply asking for more help. (*Id.* at 25:14-26:20).

54.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 54, Plaintiffs state as follows: Disputed. Donovan did not do the schedules and would check with other managers only when the Store Director was absent. (*Id.* at 26:21-27:20).

55.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 55, Plaintiffs state as follows: Disputed. Donovan did not train other employees or provide feedback about other employees. He did not recommend discipline, hiring or firing of other employees (*Id.* at 27:17-20; 28:5-10; 28:16-30:10; Donovan Decl.") at ¶ 7-31.

56.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 56, Plaintiffs state as follows: Undisputed.

57.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 57,

**Page 12 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

Plaintiffs state as follows: Undisputed.

58.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 58, Plaintiffs state as follows: Undisputed.

59.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 59, Plaintiffs state as follows: Undisputed.

60.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 60, Plaintiffs state as follows: Undisputed.

61.     In response to Defendant's Statement of Undisputed Material Facts, ¶¶ 61-81, Plaintiffs state as follows: Plaintiffs object to this Statement because it contains irrelevant factual assertions. Because Plaintiffs concede the dismissal of Plaintiff Gallegos' claim, based on the statute of limitations, factual assertions regarding Plaintiff Gallegos' job duties are irrelevant.

62.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 62, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

63.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 63, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

64.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 64, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

65.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 65, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

66.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 66, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

**Page 13 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

67.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 67, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

68.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 68, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

69.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 69, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

70.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 70, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

71.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 71, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

72.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 72, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

73.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 73, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

74.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 74, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

75.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 75, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

76.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 76, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

77.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 77, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

**Page 14 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

78.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 78, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

79.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 79, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

80.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 80, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

81.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 81, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 61.

82.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 82, Plaintiffs state as follows: Undisputed.

83.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 83, Plaintiffs state as follows: Undisputed.

84.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 84, Plaintiffs state as follows: Disputed. Glanz did not direct other employees' work when the Store Director was present. (Deposition of Destiny Glanz ("Glanz Dep.") at 31:5-7; 31:23-33:6).

85.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 85, Plaintiffs state as follows: Disputed. Glanz' would only occasionally address complaints, do coaching or be involved in employee discipline. It was ultimately the Store Director's job. (*Id.* at 34:3-36:20).

86.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 86, Plaintiffs state as follows: Disputed. Glanz was responsible for this work only when the

**Page 15 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

Store Director was not present. (*Id*. at 41:2-8).

87.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 87, Plaintiffs state as follows: Disputed. Displays were already set and no discretion was needed. (*Id*. at 42:5-22).

88.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 88, Plaintiffs state as follows: Undisputed.

89.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 89, Plaintiffs state as follows: Disputed. Glanz stated most her work was cashiering and stocking shelves. Purely management-type duties were "maybe 25 percent." (*Id*. at 54:23-55:6).

90.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 90, Plaintiffs state as follows: Undisputed.

91.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 91, Plaintiffs state as follows: Disputed. Harris was the senior manage on site only occasionally and the major decisions had to wait for the Store Director. (Deposition of Cameron Harris ("Harris Dep."; Harris Decl. at ¶ 25).

92.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 92, Plaintiffs state as follows: Disputed. There were other duties of Store Director that Harris did not do, including without limitation, scheduling, evaluations, etc. (Harris Dep. at 46:15-23; 59:23-60:21; 75:25-76:2).

93.     In response to Defendant's Statement of Undisputed Material Facts, ¶ 93, Plaintiffs state as follows: Disputed. Harris did not have the authority to resolve all

**Page 16 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

complaints. Many complaints had to be resolved by the Store Director. (*Id*. at 73:5-12; 101:14-16). Store Director did employee evaluations, compensation and hiring and firing of employees (*Id*. at 75:13-77:1; Harris Decl. at ¶ 12-32).

94.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 94, Plaintiffs state as follows: Disputed. Harris would implement accommodation under the direction of Store Director (Harris Dep. at 105:9-17).

95.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 95, Plaintiffs state as follows: Undisputed.

96.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 96, Plaintiffs state as follows: Undisputed.

97.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 97, Plaintiffs state as follows: Undisputed.

98.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 98, Plaintiffs state as follows: Disputed. Harris did not have the authority to discipline or fire other employees. (*Id*. at 75:13-77:1; 81:19-22; Harris Decl. at ¶ 12-32).

99.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 99, Plaintiffs state as follows: Undisputed.

100.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 100, Plaintiffs state as follows: Undisputed.

101.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 101, Plaintiffs state as follows: Undisputed.

102.    In response to Defendant's Statement of Undisputed Material Facts, ¶¶

**Page 17 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

102-114, Plaintiffs state as follows: Plaintiffs object to this Statement because it contains irrelevant factual assertions. Because Plaintiffs concede the dismissal of Plaintiff Neil's claim, based on the statute of limitations, factual assertions regarding Plaintiff Neil's job duties are irrelevant.

103.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 103, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

104.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 104, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

105.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 105, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

106.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 106, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

107.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 107, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

108.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 108, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

109.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 109, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

110.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 110, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

111.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 111, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

**Page 18 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

112.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 112, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

113.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 113, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

114.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 114, Plaintiffs state as follows: Please see Plaintiffs' Response to ¶ 102.

115.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 115, Plaintiffs state as follows: Undisputed.

116.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 116, Plaintiffs state as follows: Disputed. Rios did not oversee the Dairy Manager (Deposition of Andrez Rios ("Rios Dep.") at 27:7-22). Rios was the senior manager on site approximately 10% of the time, "if hardly ever." (*Id.* at 44:3-45:10). Rios did not have the authority to do scheduling, handle employee complaints, train, hire, discipline, or fire other employees (*Id.* at 28:7-11; 29:2-4; 29:23-30:8; 32:8-24). Rios' main duty was to stock shelves and other manual labor. (*Id.* at 43:10-44:2; Rios Decl. at ¶ 7-32).

117.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 117, Plaintiffs state as follows: Disputed. Rios did not have the authority to do scheduling, handle employee complaints, train, hire, discipline, or fire other employees (*Id.* at 28:7-11; 29:2-4; 29:23-30:8; 32:8-24); Rios' main duty was to stock shelves and other manual labor. (*Id.* at 43:10-44:2; Rios Decl. ¶ 7-32).

118.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 118, Plaintiffs state as follows: Disputed. Rios' main duty was to stock shelves and other

**Page 19 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

manual labor. (Rios Dep. at 43:10-44:2; Rios Decl. ¶ 7-32).

119.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 119, Plaintiffs state as follows: Disputed. Rios did not have input into store financials. when ordering products. (*Id.* at 39:18-40:4).

120.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 120, Plaintiffs state as follows: Undisputed.

121.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 121, Plaintiffs state as follows: Undisputed.

122.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 122, Plaintiffs state as follows: Undisputed.

123.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 123, Plaintiffs state as follows: Undisputed.

124.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 124, Plaintiffs state as follows: Undisputed.

125.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 125, Plaintiffs state as follows: Disputed. Whitaker's responsibilities were mainly filling in on the cashier registers, stocking the shelves, ordering the groceries, work in the deli, clean bathrooms. (Deposition of Jared Whitaker ("Whitaker Dep.") at 23:15-23; 57:4-6; 62:10-22; Whitaker Decl. ¶ 7-32. His responsibilities did not include scheduling, hiring firing, discipline other employees, directing other employees, handling formal employee complaints, evaluations, discipline, pay, budget, coaching or employee safety (Whitaker Dep. at 26:19-21; 34:15-35:6; 37:16-38:11; 40:15-42:2; 46:13-18; 47:6-48:7; 50:21-53:4;

Page 20 of 42
Stanton Meats, et al. v. Ridley's Family Markets, Inc.
U.S.D.C. (Col.) No. 1:22-cv-1070
Plaintiffs' Response to Motion for Summary Judgment

53:5-7; 53:8-19; 57:9-16; 58:5-11; Whitaker Decl. ¶ 7-32).

126.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 126,
Plaintiffs state as follows: Disputed. He was not the senior manager on site very often.
(30:19-25). When he was, Whitaker's responsibilities were mainly filling in on the cashier
registers, stocking the shelves, ordering the groceries, work in the deli, clean bathrooms.
(23:15-23; 57:4-6; 62:10-22). His responsibilities did not include scheduling, hiring firing,
discipline other employees, directing other employees, handling formal employee
complaints, evaluations, discipline, pay, budget, coaching or employee safety (26:19-21;
34:15-35:6; 37:16-38:11; 40:15-42:2; 46:13-18; 47:6-48:7; 50:21-53:4; 53:5-7; 53:8-19;
57:9-16; 58:5-11).

127.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 127,
Plaintiffs state as follows: Disputed. Disputed. Whitaker's responsibilities were mainly
filling in on the cashier registers, stocking the shelves, ordering the groceries, work in the
deli, clean bathrooms. (23:15-23; 57:4-6; 62:10-22). His responsibilities did not include
scheduling, hiring firing, discipline other employees, directing other employees, handling
formal employee complaints, evaluations, discipline, pay, budget, coaching or employee
safety (26:19-21; 34:15-35:6; 37:16-38:11; 40:15-42:2; 46:13-18; 47:6-48:7; 50:21-53:4;
53:5-7; 53:8-19; 57:9-16; 58:5-11).

128.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 128,
Plaintiffs state as follows: Disputed. Whitaker's responsibilities were mainly filling in on
the cashier registers, stocking the shelves, ordering the groceries, work in the deli, clean
bathrooms. (23:15-23; 57:4-6; 62:10-22). His responsibilities did not include scheduling,

**Page 21 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

hiring firing, discipline other employees, directing other employees, handling formal employee complaints, evaluations, discipline, pay, budget, coaching or employee safety (26:19-21; 34:15-35:6; 37:16-38:11; 40:15-42:2; 46:13-18; 47:6-48:7; 50:21-53:4; 53:5-7; 53:8-19; 57:9-16; 58:5-11).

129.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 129, Plaintiffs state as follows: Undisputed.

130.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 130, Plaintiffs state as follows: Disputed. Whitaker's responsibilities were mainly filling in on the cashier registers, stocking the shelves, ordering the groceries, work in the deli, clean bathrooms. (23:15-23; 57:4-6; 62:10-22). His responsibilities did not include scheduling, hiring firing, discipline other employees, directing other employees, handling formal employee complaints, evaluations, discipline, pay, budget, coaching or employee safety (26:19-21; 34:15-35:6; 37:16-38:11; 40:15-42:2; 46:13-18; 47:6-48:7; 50:21-53:4; 53:5-7; 53:8-19; 57:9-16; 58:5-11).

131.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 131, Plaintiffs state as follows: Undisputed.

132.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 132, Plaintiffs state as follows: Undisputed.

133.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 133, Plaintiffs state as follows: Undisputed.

134.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 134, Plaintiffs state as follows: Undisputed.

**Page 22 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

135.    In response to Defendant's Statement of Undisputed Material Facts, ¶ 135, Plaintiffs state as follows: Undisputed.

### III.    LEGAL STANDARD

Summary judgment is proper only "if there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden is on the moving party to show the lack of any genuine issue of material fact. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) Genuine issues of material fact exist when "the evidence presents a sufficient disagreement to require submission to a jury of whether it is so one-sided that one party must prevail as a matter of law." *York v. BNSF Ry. Co.*, Civil Action No. 1:17-cv-1088-RM-STV, 2019 U.S. Dist. LEXIS 27644, at *7–9 (D. Colo. Feb. 21, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In deciding whether there is sufficient evidence favoring the nonmoving party, the Court must view, and draw all reasonable inferences from, the evidence in the light most favorable to the nonmoving part. *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001). The nonmoving party may not rest exclusively on its pleadings, but must provide specific facts demonstrating a genuine issue for trial. *Mesa Oil, Inc. v. Ins. Co. of N. Am.*, 123 F.3d 1333, 1336 (10th Cir.1997). Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from facts are jury

Page 23 of 42
Stanton Meats, et al. v. Ridley's Family Markets, Inc.
U.S.D.C. (Col.) No. 1:22-cv-1070
Plaintiffs' Response to Motion for Summary Judgment

functions, not those of a judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson*, 477 U.S. at 255). *See also Coldwell v. RiteCorp Envtl. Prop. Sols.*, Civil Action No. 16-cv-01998-NYW, 2017 U.S. Dist. LEXIS 68252, at *4–5 (D. Colo. May 4, 2017).

## IV.    ARGUMENT

### A.    The FLSA Statute of Limitations and the Claims of Davis, Gallegos, Neil, Wulf, and Donovan

#### 1.    The Claims of Davis, Gallegos, Neil, and Wulf

Defendant argues that the claims of Plaintiffs Davis, Gallegos, Neil, and Wulf fall outside of the FLSA's statute of limitations and are thus time barred and must be dismissed. Plaintiffs Davis, Gallegos, Neil, and Wulf were previously part of the related *Esparsen*[1] case against Defendant under an FLSA collective action, and each filed a consent to join in that case. Specifically, Plaintiff Davis filed his Consent to Join on April 14, 2020; Plaintiff Gallegos on April 6, 2020; Plaintiff Neil on April 14, 2020; and Plaintiff Wulf on April 13, 2020. Under 29 U.S.C. § 256, an action under FLSA collective action is commenced on the dates the individual Plaintiffs filed their written consents. Defendant argues that any portion of Plaintiff's claims based on activities occurring prior to approximately April of 2017, fall outside the statute of limitations regardless of willfulness. Plaintiffs Davis, Gallegos, Neil, and Wulf last dates of employment with Defendant were January of 2016; March of 2017; June of 2016; and September of 2016, respectively. For

---

[1] *Esparsen v. Ridley's Family Markets, Inc.*, No. 1:18-cv-1556-RM-GPG (D. Colo.) (hereinafter "*Esparsen*")

**Page 24 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

this reason, Plaintiffs concede that the claims of Plaintiffs Davis, Gallegos, Neil, and Wulf only should be dismissed, and this case should continue as to Plaintiffs Meats, Coombs, Donovan, Glantz, Harris, Rios, and Whitaker.

> **2.      As to Donovan's Claims, Defendant's Willfulness Should Be Decided *After* the Court Rules on the Merits of Plaintiffs' Claims.**

A three-year rather than two-year statute of limitations applies under the FLSA when the conduct of the employer is willful. *See* 29 U.S.C. § 255. As many courts have acknowledged, the willful nature of an FLSA violation often gets inextricably bound up in the merits of the case, and it doesn't make sense to consider the willfulness issue separately. Thus, Courts recognize that it is generally inappropriate to reach a determination regarding willfulness where the employer's liability for violating the FLSA has not first been established. *See Epps v. Scaffolding Sols., LLC*, Civ. No. 2:17-cv-562, 2019 U.S. Dist. LEXIS 96401, at *34 (E.D. Va. Apr. 2, 2019) (collecting cases and noting that "[a] number of district courts have declined to resolve questions of willfulness or good faith when liability under the [FLSA] remains in dispute"). No substantive liability has yet been established, making the issue of willfulness inappropriate for determination on summary judgment. Alternatively, if the Court is inclined to rule on the substance of Defendant's motion at this stage, the Court should deny summary judgment because there is a genuine issue of fact as to whether Defendant's conduct was willful. The evidence before the Court raises a genuine question as to whether Defendant knowingly or recklessly violated the FLSA, and only the fact-finder at a trial on the merits may properly resolve this question.

**Page 25 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). "Reckless disregard of the requirements of the [FLSA]" includes a "failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104. While willfulness requires more than mere negligence or a good faith, but erroneous, assumption that a pay plan complied with the FLSA, an employer cannot simply bury its head in the sand, failing to adequately investigate the requirements of the FLSA, and still rely on a claim of a good faith belief that its conduct complied with the FLSA. *See McLaughlin*, 486 U.S. at 138 (Marshall, J., dissenting) (analyzing majority standard); *Mumby v. Pure Energy Servs.*, 636 F.3d 1266, 1270 (10th Cir. 2011). An employer may commit a willful violation where the employer disregards "the very '*possibility*' that it was violating the statute." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 903–09 (9th Cir. 2003) (emphasis added). Defendant deliberately classified Plaintiffs as exempt from the overtime requirements of the FLSA and paid them a salary. As Assistant Store Managers, Plaintiffs were responsible for reviewing inventory, assisting customers, stocking shelves, operating the cash register, cleaning the store, and communicating with other employees. Defendant knew Plaintiffs did not have authority to interview, hire, fire, or discipline other employees or set other employees' rates of pay or hours. Defendants knew Plaintiffs did not make recommendations as to the hiring, firing, advancement, promotion, discipline, or other change of status of other employees that would be given particular weight by Defendant. The evidence before the Court paints a clear picture of Defendant having its Assistant Store Managers work

**Page 26 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

enor005mous number of hours performing manual labor, while it knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiffs proper overtime compensation. Therefore, Defendant's request for summary judgment should be denied.

**B.    Defendant Has Not Produced Evidence Sufficient to Meet the Administrative or Executive Exemption, and Plaintiffs Have Raised Genuine Issues of Material Fact on the Exemptions.**

Under the FLSA, the general rule is that any employee who works more than forty hours in a workweek must receive overtime compensation. 29 U.S.C. § 207(a)(1) (2000). Employers need not pay overtime, however, if the employee is "employed in a bona fide executive, administrative, or professional capacity" as defined by the regulations promulgated by the Secretary of Labor. 29 U.S.C. § 213(a)(1). While it is the employee's burden to prove that the employer is violating the FLSA, it is the defendant employer's burden to prove that the employee falls within one of these exceptions, all of which are narrowly construed against it. *Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1233(10th Cir. 2008)(citing *Chessin v. Keystone Resort Mgmt., Inc.*, 184 F.3d1188, 1192 (10th Cir. 1999).

In its Motion, Defendant claims that they failed to pay Plaintiffs a proper overtime premium because Plaintiffs' work allegedly falls under the executive or administrative exemptions of the FLSA. Defendant's request for summary judgment should be denied because 1) Defendant has not met its burden of proving that Plaintiffs qualified for the executive or administrative exemptions; and 2) Plaintiffs have produced facts from which a reasonable jury could find in Plaintiffs' favor on the applicability of the executive or

**Page 27 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

administrative exemptions in this case. Therefore, Defendant's request for summary

judgment must be denied.

### 1.   Administrative Exemption.

The term "employee employed in a bona fide administrative capacity" means any

employee:

> (1) Compensated on a salary or fee basis at a rate of not less
> than $684 per week . . . ;
> (2) Whose primary duty is the performance of office or
> nonmanual work directly related to the management or
> general business operations of the employer or the
> employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and
> independent judgment with respect to matters of significance.

29 C.F.R. § 541.200. When faced with a mix of exempt and non-exempt duties, a court

must determine whether the exempt tasks comprise the plaintiff's "primary duties."

*Baldwin v. Key Equip. Fin., Inc.*, 2006 U.S. Dist. LEXIS 51609, *37–38 (D. Colo. July 17,

2006). An employee's "primary duty" is defined as "the principal, main, major, or most

important duty that the employee performs." 29 C.F.R. § 541.700(a). Although time alone

is not the sole test, employees who spend more than 50 percent of their time performing

exempt work will generally satisfy the primary duty requirement. *Smith v. Frac Tech*

*Servs., LLC*, No. 4:09-cv-679-JLH, 2011 U.S. Dist. LEXIS 3165, at *17 (E.D. Ark. Jan. 11,

2011) (citing 29 C.F.R. § 541.700(b)); *see also Reyes v. Tex. EZPawn, L.P.*, 459 F. Supp.

2d 546, 554 (S.D. Tex. 2006) (noting that "a good rule of thumb" is that the primary duty

is what occupies the major part, or over 50 percent, of the employee's time).

As detailed below, Defendant has not produced evidence from which a reasonable

jury could determine that Plaintiffs qualified for the administrative exemption because

**Page 28 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

Defendant failed to produce evidence sufficient to meet the second and third prongs of the exemption. Moreover, Plaintiffs have produced evidence from which a reasonable jury could determine that Plaintiffs did not qualify for the administrative exemption. Therefore, Defendant's request for summary judgment must be denied.

### a.    Plaintiffs' primary duty was manual labor, not administrative work.

Plaintiffs do not meet the second requirement for the administrative exemption because their primary duty is not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers. Despite Defendant's attempt to paint a different picture, the reality is that Plaintiffs' primary duty was manual labor, not an office work.

Defendant asserts that because Plaintiffs occasionally performed administrative work while the Store Director was off, Plaintiffs' work inherently satisfies the second prong of the administrative exemption. To the contrary, it is not enough that Plaintiffs occasionally performed nonmanual labor, Plaintiffs' office or nonmanual work related to management or general business operation must be their primary duty. First, Defendant failed to prove that Plaintiffs performed management work during the time the Store Director was absent and if so, how much time was composed of performance of office or nonmanual work directly related to the management or general business operations.  A complete view of the evidence in this case shows that Plaintiffs' primary duty, and the majority of their work (even during the Store Director's absence) was manual labor, such as working on the floor, running cash registers, stocking shelves, cleaning the store, packaging meat, organizing the back room, unloading freight, and providing help in other

**Page 29 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

areas as needed. Declaration of Stanton Meats ("Meats Decl.") at ¶ 7, 25; Declaration of Brian Donovan ("Donovan Decl.") at ¶ 7, 24; Declaration of Cameron Harris ("Harris Decl.") at ¶ 7, 25; Declaration of Andrez Rios ("Rios Decl.") at ¶ 7, 25; and Declaration of Jared Whitaker ("Whitaker Decl.") at ¶ 7, 25 (collectively "All Decl."). In fact, the manual labor Plaintiffs performed occupied about 90% of their time. All Decl. at ¶ 7.  As such, their primary duty was manual labor, not an office work or nonmanual work directly related to the management or general business operations. This assumption is supported by Plaintiffs' own testimony: For instance, Plaintiff Meats testified that his main duties were filling in on the cash registers, stocking the shelves, ordering groceries, going to the deli, working in the deli, cleaning bathrooms and that he didn't work primarily in the office, but rather on the sales floor. Deposition of Stanton Meats ("Meats Dep.") at 26:22-27:3; 37:18:22. Likewise, Plaintiffs Donovan, Glantz, Harris, Rios and Whitaker, testified they spent nearly all of their time performing nonexempt, manual labor, such as stocking shelves, running the cash registers, unloading trucks, cleaning the store and assisting with the meat, produce, and deli areas as needed. *See* Plaintiff's Response to Defendant's SUMF. Conversely, Plaintiffs spent only a minimal time performing exempt work, a far cry from the DOL's 50% guideline for management tasks.

Furthermore, several Courts denied defendants' summary judgment motions in cases where plaintiffs performed far more non-manual labor than the Plaintiffs here. *See e.g. Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1269-71 (11th Cir. 2008) (denying Summary Judgment and concluding the exemption defense did not apply because the evidence showed that the plaintiffs' primary duty was not management but

Page 30 of 42
Stanton Meats, et al. v. Ridley's Family Markets, Inc.
U.S.D.C. (Col.) No. 1:22-cv-1070
Plaintiffs' Response to Motion for Summary Judgment

consisted of manual labor, such as unloading trucks and cleaning the employer's stores); *Costello v. Home Depot USA, Inc.*, 928 F. Supp. 2d 473 (D. Conn. 2013) (finding that material issues of fact exist as to whether assistant store managers' primary duty was managerial and denying motion for summary judgment); *Clougher v. Home Depot*, 696 F.Supp.2d 285, 291-92 (E.D.N.Y 2010)(denying Summary Judgment because although the assistant store manager performed some managerial tasks, it was infrequently, and only in a supporting role to his other, more important non-exempt work).

Defendant relies on a total of two district court cases as support for granting summary judgment on the issue of the applicability of the administrative exemption that are either factually inapplicable or not persuasive. (*See* Motion at pp. 33-34.) (ECF No. 36). *Brillas v. Bennett Auto Supply, Inc.*, 675 F. Supp. 2d 1164 (S.D. Fla. 2009) is distinguishable because the Plaintiff there stipulated that his primary duty was management while he was a store manager, and thus the court found the ultimate question had been answered requiring it to grant summary judgment in favor of the employer. Likewise, in *Stricker*, the Plaintiff was a store manager (not an assistant manager) and was "the highest-ranking employee at the [Defendant's] store" all the time. *Stricker v. E. Off Rd. Equip., Inc.*, 935 F.Supp. 650, 656 (D. Md. 1996). The Plaintiff in *Stricker* was responsible for nearly everything in the store, including drafting work schedules for employees, reaching retail sales goals, creating a Dealer Sales Program, setting retail prices, recruiting and interviewing new hires and supervising, warning and disciplining the assistant managers. *Id.* at 657. Here, Plaintiffs did none of that. They were

**Page 31 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

not the Store Directors; they were supervised by Store Directors, and their primary duty was manual labor. As such, Defendant's Motion must be denied.

### b.      Plaintiffs did not exercise discretion and independent judgment.

Defendant also failed to provide evidence supporting the third requirement. Plaintiffs did not have any authority to exercise discretion or independent judgment with respect to matters of significance, as such, this factor likewise favors Plaintiffs. A thorough examination of the evidence in this case confirms that Plaintiffs engaged in no exercise of discretion and independent judgment with respect to matters of significance. The phrase "exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered," and "matters of significance" refers to "the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a). The following factors may be considered when determining whether an employee exercises the requisite discretion and independent judgment:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects the business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the

**Page 32 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

> employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b). Whether an employee exercises discretion and independent judgment is analyzed in light of all the facts involved in the particular employment situation in which the question arises, and "must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." 29 C.F.R. § 541.202(b),(e).

Where an employee "merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or . . . determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices," the employee is not exercising discretion and independent judgment according to the FLSA. *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 404 (6th Cir. 2004). This is true even if there is some leeway in reaching a conclusion, as when an acceptable standard includes a range or a tolerance above or below a specific standard. *Id.* "Perhaps the most frequent cause of misapplication of the term 'discretion and independent judgment' is the failure to distinguish it from the use of skill in various respects." *Id.* Employees who engage in "clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, or recurrent or routine work," are not exercising discretion and independent judgment. *Id.* In addition, "[a]n employee does not exercise discretion and independent judgment in matters of significance merely because the

**Page 33 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

employer will experience financial losses if the employee fails to perform the job properly." 29 C.F.R. § 541.202(f).

Here, Defendants produced no evidence that Plaintiffs exercised discretion and independent judgment with respect to matters of significance. Plaintiffs performed manual labor that did not require any discretion or independent judgment. The Store Director, not Plaintiffs, had the final say on the operation of Defendant's stores. As evidenced in this case, Plaintiffs had no authority to do scheduling, handle employee complaints, train other employees, hire, interview, discipline, evaluate or fire other employees. Meats Decl. at ¶ 7-32; Donovan Decl. at ¶ 7-31; Harris Decl. at ¶ 7-32; Rios Decl. at ¶ 7-32; and Whitaker Decl. at ¶ 7-32; *see also* Plaintiffs' Response to Defendant's SUMF. Plaintiffs did not set the pay rates of other employees or decide on any promotions. *Id*. Plaintiffs did not have the authority to set policies or budget for Defendant. *Id*. The evidence in the current case reflects an insufficient exercise of discretion an independent judgment. Plaintiffs testified that major decisions had to be decided by the Store Director. At no point did Plaintiffs exercise "real and substantial" discretion as required by the FLSA's governing regulations and caselaw. Because a reasonable fact finder would be compelled to rule in Plaintiffs' favor on this issue, Defendant's request for summary judgment must be denied.

**2.    Executive Exemption.**

The term "employee employed in a bona fide executive capacity" means any employee:

> (1) Compensated on a salary basis at a rate of not less than $684 per week […], exclusive of board, lodging or other facilities;

**Page 34 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) Who customarily and regularly directs the work of two or more other employees; and

(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100. Employees must meet each prong set forth above to qualify for the executive exemption. *Id.*; *see also Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1187 (10th Cir. 2015). An employer bears the burden of showing that an employee qualifies for the executive exemption. *Aaron v. City of Wichita*, 54 F.3d 652, 657 (10th Cir. 1995) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)). In fact, "the employer must show the employees fit 'plainly and unmistakably within [the exemption's] terms.'" *Butler v. Cardiff Healthcare, Inc.*, No. 2:17-cv-01114-JNP, 2019 U.S. Dist. LEXIS 134585, at *13 (D. Utah Aug. 8, 2019) (quoting *Reich v. Wyoming*, 993 F.2d 739, 741 (10th Cir. 1993) (alterations in original).

Defendant's claim that Plaintiffs qualify for the executive exemption to the FLSA fails due to a lack of adequate evidence produced by Defendant. The two elements of the executive exemption at issue are the second and fourth prongs. The second prong is the "primary duty" prong that requires proof that Plaintiffs' primary duty is management of a customarily recognized department of Defendant, but Defendant has failed to offer any evidence that such work was Plaintiffs' primary duty. With respect to the fourth prong, Defendant has failed to offer evidence confirming that Plaintiffs had authority to hire or fire other employees or that their suggestions and recommendations, if any, as to the

**Page 35 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight. Defendant's wholly conclusory allegations regarding Plaintiffs' management capacity and influence on other employees are insufficient to meet this burden. Moreover, on both prongs Plaintiffs have provided affirmative evidence from which a reasonable jury could determine that they did not qualify for the executive exemption. Therefore, summary judgment on this issue must be denied.

### a. Plaintiffs' primary duty was not management of the enterprise or a department.

The second prong is the "primary duty" prong and requires proof that Plaintiffs' "primary duty is management of the enterprise in which [they are] employed or of a customarily recognized department or subdivision thereof." 29 C.F.R. § 541.200. The regulations state that:

> "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102. The regulations define "primary duty" as the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Factors to consider include:

**Page 36 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id*. Although time alone is not the sole test, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. 29 C.F.R. § 541.700(b). To determine whether plaintiffs' performance of these exempt activities constitutes their 'primary duty,' a court must consider 'the character of an employee's job as a whole.'" *Mullins v. New York*, 653 F.3d 104, 106 (2d Cir. 2011) (quoting 29 C.F.R. §541.700(a)).

Here, again, Defendant argues that Plaintiffs spend nearly a third of their work time being the senior manager on-site while the Store Director was absent. As explained above, first, one third is not a majority of the time to satisfy the "primary duty" test, and second, Defendant failed to prove that Plaintiffs simply quit performing their daily manual work and switched to purely management duties during the entire time the Store Director was absent. The opposite is true. Plaintiffs testified that despite being occasionally the senior managers on-site, they continued their daily work and all major decisions had to wait for the Store Director.  Meats Decl. at ¶ 25; Donovan Decl. at ¶ 24; Harris Decl. at ¶ 25; Rios Decl. at ¶ 25; and Whitaker Decl. at ¶ 25; *see also* Plaintiffs' Response to Defendant's SUMF. The evidence shows the primary value to Defendant's store was Plaintiffs' non-managerial manual work. Taking all the factors together, it is clear that material issues of fact exist as to Plaintiffs' primary duty, precluding summary judgment. Accordingly, Defendant's Motion for Summary Judgment should be denied.

**Page 37 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

### b. Plaintiffs did not hire or fire personnel, nor were their recommendations given any particular weight.

Defendant provided zero evidence showing that Plaintiffs had authority to hire or fire other employees or that their suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight. In analyzing the fourth prong of the executive exemption, the following non-exclusive factors may be considered: "whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon." 29 C.F.R. § 541.105; *see also Costello*, 928 F. Supp. 2d 473. Further, the recommendations made must generally "pertain to employees whom the alleged executive customarily and regularly directs." 29 C.F.R. § 541.105. This prong cannot be met by "an occasional suggestion with regard to the change in status of a co-worker." *Id.* Rather, "courts consider whether an employer gives '*particular weight*' to an employee's recommendations as to the hiring, firing, advancement, promotion or any other change of status." *Delaney v. Bd. of Cty. Comm'rs*, No. 2:16-CV-00047, 2017 U.S. Dist. LEXIS 211307, at *12 (D. Wyo. Aug. 3, 2017) (quoting 29 C.F.R. § 541.105) (emphasis added). The Department of Labor Wage and Hour Division requires that the phrase "change in status" be given the same meaning as the phrase "tangible employment action" as set forth in *Burlington Industries, Inc. v. Ellerth*, which defined "tangible employment action" as "a *significant* change in employment status such as hiring, firing, failing to promote, reassignment with

Page 38 of 42
Stanton Meats, et al. v. Ridley's Family Markets, Inc.
U.S.D.C. (Col.) No. 1:22-cv-1070
Plaintiffs' Response to Motion for Summary Judgment

*significantly* different responsibilities, or a decision causing *significant* change in benefits."
*Burlington Industries, Inc.*, 524 U.S. at 761–62 (emphasis added).

An employee's recommendations may be considered weighty even if the employee does not have the final authority in determining the change in status. *Id.* (citing *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1096 (D. Kan. 2012). However, an employer cannot make a conclusory assertion that an employee has the authority to effect a change in status of other employees, or that his or her suggestion was given particular weight in making changes in status. *Madden v. Lumber One Home Ctr., Inc.*, 745 F.3d 899, 906 (8th Cir. 2014) (noting that while the employer is not required to use the phrase "particular weight," the employer "must present some proof that the purported executives' input into personnel decisions was given particular weight"). The employer must actually provide evidence, including instances in which this has occurred. *Id.* (citing 29 C.F.R. § 541.105). "[I]n order to determine if an employee satisfies the hiring/firing component of the executive exemption, the Court must look to an employee's 'actual job functions, not intended responsibilities.'" *Johnson v. Derhaag Motor Sports, Inc.*, No. 13-cv-2311 (SRN/FLN), 2014 U.S. Dist. LEXIS 158845, at *45 (D. Minn. Nov. 10, 2014) (quoting *Madden*, 745 F.3d at 906).

Therefore, it is Defendant's burden to provide evidence that Plaintiffs made recommendations regarding changes in personnel status that were given particular weight. *Madden*, 745 F.3d at 902. But Defendant cannot identify actions or recommendations by Plaintiffs that suggest Plaintiffs meet the requirements of the fourth prong of the executive exemption. Plaintiffs are entitled to summary judgment with respect

**Page 39 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

to the executive exemption because Defendant cannot raise a genuine issue of material fact for trial on this issue. Defendant has provided no evidence that Plaintiffs had the authority to effect change in other employees' status, nor that any of Plaintiffs' suggestions regarding change in personnel status were given particular weight. Indeed, Defendant cannot provide evidence that Plaintiffs provided input regarding personnel changes at all.

Defendant is a company that owns and operates various retail businesses including grocery stores, hardware stores and pharmacies throughout Colorado, Utah, Nevada, Wyoming and Idaho. Defendant's Statement of Undisputed Material Facts ("SUMF") ¶ 1. To provide the services that Defendant offers to its customers, Defendant employs employees in a variety of positions with varying duties, including operating a cash register, stocking shelves, and operating the specialty functions of the grocery stores such as meat, deli, produce or bakery. Defendant also employed one Store Director and at least one Assistant Store Manager at each grocery store. SUMF ¶ 2. As Assistant Store Managers, Plaintiffs' primary job duty was to assist in other areas of the store, such as stocking shelves, running cash registers, unloading freight and cleaning the store. SUMF ¶ 6. Plaintiffs did not have the authority to hire or fire other employees, nor did they make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees that were given particular weight. Meats Decl. at ¶ 7-32; Donovan Decl. at ¶ 7-31; Harris Decl. at ¶ 7-32; Rios Decl. at ¶ 7-32; and Whitaker Decl. at ¶ 7-32; *see also* Plaintiffs' Response to SUMF. Some Plaintiffs occasionally sat on an interview but their role was to be nothing more than a witness.

Page 40 of 42
Stanton Meats, et al. v. Ridley's Family Markets, Inc.
U.S.D.C. (Col.) No. 1:22-cv-1070
Plaintiffs' Response to Motion for Summary Judgment

Defendant has not provided any evidence whatsoever that Plaintiffs, or any Assistant Store Manager in general, have ever hired, fired, promoted or demoted an employee. Nor has it provided any evidence that any Plaintiffs' recommendation as to a change in employee status was given any particular weight.

It simply is not enough to allege an employee performed exempt work—the employer must also show the exempt work was the employee's primary duty. Defendants have wholly failed in this regard. Moreover, Plaintiffs have offered affirmative evidence from which a reasonable jury could determine that Plaintiffs were not exempt employees. Defendant cannot raise a genuine issue of material fact from which a jury could determine that the job duties performed by Plaintiffs qualified them for the executive exemption. Therefore, Plaintiffs are entitled to summary judgment regarding the inapplicability of the executive exemption.

## V.    CONCLUSION

Plaintiffs have raised a genuine question of material fact for every issue raised by Defendant. Defendant has therefore failed to meet its burden on summary judgment and its Motion must be denied.

**Page 41 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**

Respectfully submitted,

**STANTON MEATS, KRESTINA
COOMBS, DAVID DAVIS, BRIAN
DONOVAN, CHRIS GALLEGOS,
DESTINY GLANTZ, CAMERON
HARRIS, JULIE ANNE NEIL,
ANDREZ RIOS, JARED WHITAKER
and WILLIAM WULF, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com

**Page 42 of 42**
**Stanton Meats, et al. v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Col.) No. 1:22-cv-1070**
**Plaintiffs' Response to Motion for Summary Judgment**