IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1070

**Stanton Meats, Krestina Coombs, David Davis, Brian Donovan, Chris Gallegos, Destiny Glantz, Cameron Harris, Julie Anne Neil, Andrez Rios, Jared Whitaker and William Wulf,**
         Plaintiffs,

v.

**Ridley's Family Markets, Inc.,**
         Defendant.

## DECLARATION OF JARED WHITAKER

I, Jared Whitaker, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Jared Whitaker, and I am over the age of eighteen (18) and duly qualified to execute this declaration.

2. I am currently a resident and domiciliary of the State of Utah.

3. I was employed by Defendant Ridley's Family Market, Inc. ("Defendant"), as an Assistant Store Manager.

4. I started working for Defendant as a stocker at its Lolo's store in Provo, from 2013 until 2014. I was rehired as a Closing Manager in August of 2016 at Orem, Utah store. In January 2017, I was promoted to Assistant Store Manager of Defendant's Highland, Utah store, where I worked until I took an hourly position as a clerk on September 2, 2018.

5. Defendant is a company that owns and manages various retail businesses in Colorado, Utah, Nevada, Wyoming and Idaho. These retail businesses include some hardware stores, gas station and standalone pharmacies but are mostly grocery stores and markets.

6. To provide the services that Defendant offers to its customers, Defendant employs a variety of employees, whose duties range from running cash registers and stocking shelves to running the meat and deli counters.

7. As Assistant Store Manager, my primary job duty was to assist in any of these tasks wherever I was needed. Accordingly, the majority of my work, about 90%, involved working on the floor, running cash registers, stocking shelves, cleaning the store, cleaning bathrooms, ordering the groceries, assisting with the meat and deli, and other areas as needed. As such, my primary duty was manual labor, not an office or administrative work.

8. Of course, I had some limited personal management responsibilities, but not as much as my title might imply.

9. Specifically, I helped manage the building and facilities, not the employees. I opened and closed the store when scheduled to do so and when I was not covering breaks for other employees, I would ensure that the store was clean and free of debris.

10. Defendant pays its Assistant Store Managers a salary. I was always paid a salary without overtime premiums for the duration of my time as Assistant Store Manager.

11. I worked alternating 60- and 50-hour weeks.

12. As an Assistant Store Manager, I did not have the authority to hire or fire other employees or to promote, demote or otherwise make personnel changes for other employees.

13. To be clear: there's not a single person that I recommended for hiring after their interview. I never had meaningful participation in anyone's termination. Defendant cannot truthfully say the name of one person who was hired or fired because of anything I said or did.

14. No one associated with Defendant ever informed me that I, or that Assistant Store Managers in general, would be responsible in any way for hiring, firing or making other changes in status of Defendant's employees or potential employees or for making recommendations regarding such actions. I never understood any of that to be part of my job duties for Defendant.

15. I was also not informed and never understood that any occasional recommendations I, or Assistant Store Managers in general, might make regarding hiring, firing or other changes in status of Defendant's employees or potential employees would be given any more consideration than any other employee's recommendations.

16. Defendant never asked me for recommendations about hiring or firing any of Defendant's employees.

17. I never disciplined any employee of Defendant.

18. I never promoted or demoted any employee of Defendant or made any recommendations regarding promotions or demotions for any employee of Defendant, and Defendant never asked me to do so.

19. I never made any personnel changes such as pay raises or a change in probationary status for any employee of Defendant or made any recommendations regarding personnel changes for any employee of Defendant, and Defendant never asked me to do so.

20. I very occasionally sat in on job interviews for Defendant just as a witness when Defendant asked me to do so. However, I had not involvement in the actual hiring.

21. I never selected any applicants for hiring or job interviews for Defendant, and Defendant never asked me to do so. Defendant never told me that I could select applicants for hiring.

22. When Defendant needed to hire new employees, it utilized advertisements or some other outside source to announce job openings. I had no role in advertising or otherwise announcing employment availability.

23. The Store Director reviewed applications and selected applicants for interview. The only role I had was to occasionally print the applications for the Store Director.

24. The Store Director, general manager or district manager selected prospective employees for hire. I had no role in selecting among prospective employees for hire or approving or disapproving of the decision to hire any particular job applicant.

25. When the Store director was not present at the store, I became the senior manager on-site. However, during that time, my primary duty continued to be manual labor, not an office work, and I did not have the authority to hire, fire, discipline or otherwise make any major decisions during that time.

26. When hourly-paid employees were not performing their job duties well, my job was often impacted because I was required to personally complete the tasks that the hourly-paid employees failed to complete or completed inadequately. Because poorly performing hourly-paid employees directly impacted my job, I occasionally complained to my general manager about the job performance of those individuals, yet there was never an instance where the employee I complained about was demoted or fired as a result.

27. No other employees reported to me; they reported to the Store Director. I also reported to the Store Director.

28. I did not do quarterly, annual, or any other reviews of fellow employees.

29. Because I did not receive any Title VII or employment law compliance training, I was not responsible for any personnel issues.

30. The Store Director made the decision to promote or demote employees. I had no role or input in choosing to promote or demote any employees or approving or disapproving of the decision to promote or demote any particular employee.

31. The Store Director and Mr. Ridley made the decision to fire employees. I had no role or input in choosing to fire any employees or approving or disapproving of the decision to fire any particular employee.

32. During the course of my employment with Defendant, many employees were hired and fired, and other employees were promoted or demoted. I did not make any of those decisions or take any of those employment actions directly, and Defendant did not directly ask for nor did I provide my input regarding the same.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 19th day of May, 2023.

_____
**JARED WHITAKER**