**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-01070-PAB-KAS

STANTON MEATS et al.,

    Plaintiffs,

v.

RIDLEY'S FAMILY MARKETS, INC.,

    Defendant.

---

**DEFENDANT RIDLEY'S FAMILY MARKETS, INC.'S
PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

---

Pursuant to the Court's Order Setting Case for Trial [Dkt. 62], Defendant Ridley's Family Markets, Inc. hereby submits its proposed Findings of Fact, Conclusions of Law, and Order ("Findings and Conclusions"). Defendant respectfully requests leave to supplement and correct or modify these Findings and Conclusions after the trial to the Court to further conform to the evidence, which trial is currently scheduled to commence on August 19, 2024.

## FINDINGS OF FACT

To the extent that any conclusions of law are deemed to be findings of fact, they are incorporated here by reference as findings of fact.

    1.    Plaintiff Stanton Meats ("Meats") is an individual and resident of Wyoming.

    2.    Plaintiff Krestina Coombs ("Coombs") is an individual and resident of Utah.

    3.    Plaintiff Destiny Glantz ("Glantz") is an individual and resident of Wyoming.

    4.    Plaintiff Cameron Harris ("Harris") is an individual and resident of Utah.

    5.    Plaintiff Andrez Rios ("Rios") is an individual and resident of Colorado.

6. Plaintiff Jared Whitaker ("Whitaker") is an individual and resident of Utah.

7. Defendant is a Wyoming corporation licensed to do business in Colorado, and does do business in Colorado.

8. Defendant operates multiple retail grocery stores in many states, including in Colorado.

9. Defendant's annual gross revenues exceed $500,000.00.

10. At all relevant times, Defendant has had two (2) or more employees engaged in interstate commerce.

11. Plaintiff Meats was employed as an Assistant Store Director ("ASD") by Defendant from April, 2015 through May 2, 2019, during which time Defendant paid Meats a fixed bi-weekly salary in excess of $684 per week.

12. Plaintiff Coombs was employed as an ASD by Defendant from January, 2016-October, 2017, and again from August 2018 to December, 2018, during which time Defendant paid Coombs a fixed bi-weekly salary in excess of $684 per week.

13. Plaintiff Glantz was employed as a salaried ASD by Defendant from 2016 until February 28, 2021, during which time Defendant paid Glantz a fixed bi-weekly salary in excess of $684 per week.

14. Plaintiff Harris was employed as an ASD by Defendant from 2015 through 2016, and again from August 2018 through August 2019, during which time Defendant paid Harris a fixed bi-weekly salary in excess of $684 per week.

15. Plaintiff Rios was employed as an ASD by Defendant from May 2019 through August 2019, during which time Defendant paid Rios a fixed bi-weekly salary in excess of $684 per week.

16. Plaintiff Whitaker was employed as an ASD by Defendant from January, 2017 through September 1, 2018, during which time Defendant paid Whitaker a fixed bi-weekly salary in excess of $684 per week.

17. Plaintiffs each were paid a fixed salary regardless of how many hours they worked.

18. Plaintiffs were regularly scheduled to work for more than forty (40) hours per workweek except for vacation and sick leave.

19. Plaintiffs were not paid overtime premiums at one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek.

20. Defendant's ASDs' primary duties and responsibilities included complete responsibility for all of their respective store operations in the absence of the Store Director, Whether concurrently with the Store Director or not, Plaintiffs' duties and responsibilities included supervising retail workers, motivating and inspiring co-workers, adjusting schedules, training and evaluating employees, tracking weekly results and trends for business forecasting, executing weekly sales and marketing objectives, and resolving escalated customer complaints.

21. These primary duties and responsibilities included such things as entering sales information, instructing subordinate employees, make decisions regarding merchandizing and displays, inventory management and purchasing, making bank deposits, being responsible for the physical store facility, resolving customer complaints, and, in conjunction with the Store Director, managing all aspects of the retail food and drug store to which they are assigned.

22. Along with managing the stores or portions thereof in which they work, the primary duties of the ASDs also included customarily and regularly directing the work of two or more employees, and whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight by management.

23. As ASDs, each of the Plaintiffs had these primary duties and responsibilities.

24. As ASDs for Defendant, Plaintiffs regularly performed some or all of these duties and responsibilities, including without limitation, having keys to the store that they managed, securing the store at the end of the day and/or opening the store in the morning, monitoring, maintaining and upkeeping the physical store facility, regulatory duties and responsibilities, and handling customer complaints. In performing these duties, Plaintiffs exercised discretion and independent judgment.

25. Store Directors and ASDs work closely together to manage the store to which they have been assigned, and Plaintiffs worked closely with their Store Directors. Plaintiffs did not work the exact same schedule as their Store Director, but worked an overlapping schedule, and when the Store Director was not at the store, Plaintiffs were the senior manager on site, where they also exercised discretion and independent judgment.

26. While managing the stores, or portions thereof, in which they worked, Plaintiffs customarily and regularly directed the work of two or more other employees, and made recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees, which recommendations were given particular weight by management.

## **CONCLUSIONS OF LAW**

To the extent that any findings of fact are deemed to be conclusions of law, they are incorporated here by reference as conclusions of law.

27. This Court has jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA") claim pursuant to 28 U.S.C. § 1331.

28. This Court has supplemental jurisdiction over Plaintiff Rios's claims under the Colorado Wage Act, C.R.S. § 8-4-101, et seq. ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO") because these state law claims form part of the same case or controversy as the FLSA claims pursuant to 28 U.S.C. §1367(a).

29. Plaintiffs were paid a salary of not less than $684 per week.

30. Plaintiffs' primary duties were the performance of office or non-manual work directly related to the management or general business operations of Defendant and/or Defendant's customers.

31. Plaintiffs' primary duties included the exercise of discretion and independent judgement with respect to matters of significance.

32. Plaintiffs were properly classified as exempt under the administrative exemption under federal and state law.

33. Additionally, or in the alternative, Plaintiffs' primary duties were the management of the store, or a customarily recognized department thereof, in which they worked.

34. Additionally, or in the alternative, Plaintiffs customarily directed the work of two or more other employees, and made suggestions and recommendations as to the hiring, firing, advancement, promotion, or other change of status of other employees, which suggestions and recommendations were given particular weight.

35. Plaintiffs were properly classified as exempt under the executive exemption under federal and state law.

36. Defendant acted in good faith in classifying Plaintiffs as exempt, and reasonably relied upon administrative regulations, guidance, orders, and industry practice in reasonably concluding that Plaintiffs were properly classified as exempt.

37. Plaintiffs have failed to prove by a preponderance of evidence that they were misclassified under the FLSA, the CWA, and the CMWO.

## ORDER

THE COURT, having issued these Findings of Fact and Conclusions of Law, hereby enters judgment in favor of Defendant Ridley's Family Markets, Inc. and against Plaintiffs, and dismisses Plaintiffs' claims with prejudice and on the merits, with costs to Defendant.

Dated: July 31, 2024

SNELL & WILMER L.L.P.

*/s/David P. Williams*
David P. Williams (UT#07346)
15 W. South Temple, Suite 1200
Salt Lake City, Utah 84095
Telephone: 801.257.1914
Facsimile: 801-257-1800
Email: dawilliams@swlaw.com
***Attorneys for Defendant Ridley's Family Markets, Inc.***

- 7 -

**CERTIFICATE OF SERVICE**

This is to certify that on July 31, 2024, a true and correct copy of the above and foregoing document was electronically filed and served on all counsel of record.

*/s/Mindi Mordue*